UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22297

RHONDA KELLER,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, RHONDA KELLER (hereinafter "KELLER"), through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES, LTD., (hereinafter "RCCL"), and demands trial by jury, stating as follows:

### PARTIES AND JURISDICTION

1.    KELLER seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by RCCL.

5.    KELLER is *sui juris* and is a resident and citizen of the state of Pennsylvania.

6.    RCCL is a citizen of the state of Florida and the nation of Liberia.

7.     RCCL is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

8.     RCCL, at all times material hereto, personally and/or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

  a.     Operated, conducted, engaged in, or carried on a business venture; and/or

  b.     Had an office or agency; and/or

  c.     Engaged in substantial activity; and/or

  d.     Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## DEFINITIONS AND FACTUAL ALLEGATIONS

10.     Hereinafter, the phrase, the "subject area," shall include, but not be limited to, the subject deck surface KELLER fell on, and all material and effects pertaining thereto, including the subject flooring and/or other parts thereof, slip resistant materials that were or should have been applied, the floor and surface's design and/or visual condition, and/or any other applied, adhesive, and/or other material, and the surrounding area.

11.     At all times material hereto, RCCL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject cruise ship, the *Allure of the Seas*.

12.     KELLER'S incident occurred on or about June 26, 2022, while she was a fare paying passenger on RCCL'S vessel, the *Allure of the Seas*.

13.    At all times material hereto, RCCL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject area involved in KELLER'S incident.

14.    On or about June 26, 2022, KELLER was walking on Deck 16 in a normal and proper manner. However, unbeknownst to her, there was liquid on the deck, and she slipped and fell when she walked over this liquid.

15.    As a result, KELLER suffered severe injuries, including, but not limited to, injuries to her wrists, which may require surgery(ies).

16.    When KELLER was taken to the ship's medical center, the ship's doctor unreasonably pulled on KELLER'S arm, causing her great pain. Moreover, the ship's doctor tightened KELLER'S wrappings to an unreasonable degree, causing her further injuries.

17.    At all relevant times, the dangerous and/or risk creating conditions include, but are not limited to the following:

 a.   The surface KELLER slipped on was contaminated with a foreign liquid substance.

 b.   The surface KELLER slipped on was unreasonably slippery.

 c.   The surface KELLER slipped on lacked adequate slip resistance, slip resistant treatment, and/or any such slip resistant treatment was unreasonably poorly maintained and worn down and/or otherwise unreasonably dangerous such that they were not reasonably reducing the slipperiness of the subject area.

 d.   The visual condition of the surface was such that it was difficult for a reasonable person to discern that it was slippery prior to KELLER'S fall.

 e.   There was inadequate drainage for the subject area at the time of KELLER'S incident.

    f.   Carnival provided no reasonable towels, devices, or other means to dry passengers or the floor in the subject area.

    g.   ROYAL CARIBBEAN CRUISES, LTD. did not have sufficient supervision of the subject area.

    h.   Other dangerous conditions that will be revealed through discovery.

18.   Each of these dangerous conditions alone was sufficient to cause KELLER'S incident and injuries, and KELLER is alleging that RCCL was negligent as to each of these conditions separately and not cumulatively.

19.   RCCL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

    a.   After her incident, a passenger came to KELLER while she was laying on the ground and told her that the floor had been wet for a while (at least 10 minutes) prior to her fall.

    b.   Furthermore, KELLER observed RCCL'S crewmembers in the subject area at the time of the incident, and one of them, who appeared to be a maintenance person, came up to her after her fall. These crewmembers were in the immediate vicinity, such that KELLER reasonably infers that these crew members regularly used, observed, and tended to the subject area, and therefore were or should have been aware of the dangerous and/or risk-creating conditions thereof, and warned of and/or removed these conditions.

    c.   Both prior to KELLER'S incident and after, Defendant installed and/or refitted similar surfaces on the *Allure of the Seas* and other ships in Defendant's fleet with surfaces that were less slippery and that had visual cues that made them more visible.

d.  RCCL participated in the installation and/or design of the subject area, or alternatively, RCCL accepted the area with its design defects present after having been given an opportunity to inspect the ship and materials on it, such that RCCL should have known of the design defects of the subject area before providing them for public use. These design defects include, but are not limited to, the structural dangers outlined in paragraph 17(b-f, h) of this Complaint.

e.  There are relevant safety standards/recommendations/other guidelines regarding the safety of the subject area, including, but not limited to, prohibitions and/or recommendations against the deficiencies discussed in paragraph 17 of this Complaint, and RCCL should have known of these standards/recommendations/other guidelines because whether such standards/recommendations/other guidelines are legally required for RCCL to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable Defendant should have done.

f.  RCCL also knew or should have known of these dangerous conditions through inspecting the subject area involved in KELLER'S incident, and if it did not know of these dangerous conditions, this was because RCCL failed to adequately inspect the subject area prior to her incident.

g.  Additional individuals suffered prior incidents, injured both due to the same and/or substantially similar slippery surfaces on ROYAL CARIBBEAN'S ships, including, but not limited to, slip and fall incidents on liquid substances. *See Apontev v. Royal Caribbean Cruise Lines Ltd*., 739 F. App'x 531, 537 (11th Cir. 2018) (passenger slipped and fell aboard another one of ROYAL CARIBBEAN'S ships in a puddle of

liquid); *see also Hawkins v. Royal Caribbean Cruise Lines Ltd.*, Case 1:22-cv-22052-RNS (passenger slipped and fell aboard another one of ROYAL CARIBBEAN'S ships in a puddle of liquid)

    h.   Moreover, RCCL knew or should have known of these dangerous conditions for other reasons that will be revealed through discovery.

20.    At all times relevant, the subject area was unreasonably dangerous, risk-creating, defective, improperly designed, improperly installed, and/or otherwise unsafe.

21.    The subject area and the vicinity lacked adequate safety features to prevent or minimize KELLER'S fall and/or impact.

22.    These hazardous conditions were known, or should have been known, to RCCL in the exercise of reasonable care.

23.    These hazardous conditions existed for a period of time before the incident.

24.    These conditions were neither open nor obvious to KELLER.

25.    At all times relevant, RCCL failed to adequately inspect the subject area and the vicinity for dangers, and RCCL failed to adequately warn KELLER of the dangers.

26.    At all times relevant, RCCL had the ability to cure the deficiencies and to eliminate the hazards, but failed to do so.

27.    At all times relevant, RCCL failed to maintain the subject area and the vicinity in a reasonably safe condition.

28.    At all times relevant, RCCL participated in the design and/or approved the design of the subject area and the vicinity involved in KELLER'S incident.

29.    At all times relevant, RCCL participated in the installation and/or approved the installation of the subject area and the vicinity involved in KELLER'S incident.

30.   The crewmembers of the *Allure of the Seas* were in regular full-time employment of RCCL and/or the ship, as salaried crewmembers, subject to the ship's discipline and master's orders.

31.   RCCL had the right to hire and fire their employees and/or agents.

32.   RCCL is directly responsible and liable for their actions and the actions of its employees and/or agents.

33.   The crewmembers, including the medical staff, were employees and/or actual agents and/or apparent agents of RCCL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

34.   The crewmembers were represented to KELLER and the ship's passengers as employees of RCCL through signs, documents, and/or uniforms. The crewmembers were also paid a salary and/or hourly wage by RCCL. RCCL knew that the crewmembers represented themselves to be employees of RCCL and allowed them to represent themselves as such. KELLER detrimentally relied on these representations as she would not have proceeded on the subject cruise had she believed the crewmembers were not employees of RCCL.

**COUNT I**
**NEGLIGENT FAILURE TO INSPECT**

35.   KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34 as if set forth herein.

36.   RCCL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

37.   This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe for the use and enjoyment of its passengers.

38.   At all times material, RCCL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with RCCL breached the duty of reasonable care owed to KELLER and were negligent by failing to adequately inspect the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe, such that the unreasonably risk creating and/or dangerous conditions discussed paragraph 17 of the instant Complaint were present at the time of KELLER'S incident.

39.   RCCL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 19 of the instant Complaint.

40.   These risk-creating and/or dangerous conditions were caused by RCCL'S failure to adequately inspect the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe.

41.   Furthermore, the subject area and the vicinity were also on a cruise ship in the open sea subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

42.   RCCL'S negligence proximately caused KELLER great bodily harm in that, but for RCCL'S negligence, KELLER'S injuries would not have occurred.

43.   As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

44.    The losses are permanent and/or continuing in nature.

45.    KELLER suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO MAINTAIN

46.    KELLER hereby adopts and re-alleges each and every allegation in paragraphs through 34, as if set forth herein.

47.    RCCL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

48.    This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately maintaining the subject area and the vicinity.

49.    At all times material, RCCL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with RCCL, breached the duty of reasonable care owed to KELLER and were negligent by failing to adequately maintain the subject area and the vicinity, such that the unreasonably risk creating and/or dangerous conditions discussed paragraph 17 of the instant Complaint were present at the

time of KELLER'S incident.

50.    RCCL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 19 of the instant complaint.

51.    Moreover, these risk-creating and/or dangerous conditions were caused by RCCL'S failure to adequately maintain the subject area and the vicinity.

52.    Furthermore, the subject area and the vicinity were also on a cruise ship in the open sea subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

53.    RCCL'S negligence proximately caused KELLER great bodily harm in that, but for RCCL'S negligence, her injuries would not have occurred.

54.    As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

55.    The losses are permanent and/or continuing in nature.

56.    KELLER has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury,

pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT III**
**NEGLIGENT FAILURE TO REMEDY**

57.   KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34 as if set forth herein.

58.   RCCL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

59.   This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately remedying the subject area and the vicinity.

60.   At all times material, RCCL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with RCCL, breached the duty of reasonable care owed to KELLER and were negligent by failing to adequately remedy the subject area and the vicinity, such that the unreasonably risk creating and/or dangerous conditions discussed in paragraph 17 of the instant Complaint were present at the time of KELLER'S incident.

61.   RCCL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 19 of the instant Complaint.

62.   Moreover, these risk-creating and/or dangerous conditions were caused RCCL'S failure to adequately remedy the subject area.

**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**
**Page 11 of 29**

63.   Furthermore, the subject area and the vicinity were also on a cruise ship in the open sea subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

64.   RCCL'S negligence proximately caused KELLER great bodily harm in that, but for RCCL'S negligence, her injuries would not have occurred.

65.   As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

66.   The losses are permanent and/or continuing in nature.

67.   KELLER has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT IV
## <u>NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION</u>

68.    KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34 as if set forth herein.

69.    At all times relevant, RCCL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including KELLER.

70.    Such duty includes, but is not limited to, the duty that RCCL owes to warn passengers of any dangers that it knew or should have known were not open and obvious to KELLER.

71.    Such duty also includes, but is not limited to, the duty to warn passengers of hazards, which passengers may reasonably be expected to encounter.

72.    At all times material, RCCL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with RCCL, breached the duty of reasonable care owed to KELLER and was negligent by failing to warn KELLER of the dangerous conditions discussed in paragraph 17 of the instant Complaint.

73.    Furthermore, RCCL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 19 of this Complaint.

74.    These dangerous conditions were also created by RCCL.

75.    RCCL failed to adequately ensure there were no dangerous conditions that passengers needed to be warned of, and/or RCCL failed to warn KELLER despite knowing of the dangers.

76.    These dangerous conditions existed for a period of time before the incident.

77.    These conditions were neither open nor obvious to KELLER.

78.    RCCL'S breach was the cause in-fact of KELLER'S great bodily harm in that, but for RCCL'S breach her injuries would not have occurred.

79.    Furthermore, the subject area and the vicinity were also on a cruise ship in the open

sea subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

80.   RCCL'S breach proximately caused KELLER great bodily harm in that the incident that occurred was a foreseeable result of RCCL'S breach.

81.   As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

82.   The losses are permanent and/or continuing in nature.

83.   KELLER has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT V**
**NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT**
**AREA AND THE VICINITY**

84.    KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

85.    At all times material hereto, RCCL owed a duty to its passengers, and in particular a duty to KELLER, not to permit dangerous conditions to be in places where they could harm passengers, such as those discussed in paragraph 17(b-f, h) in the instant Complaint, as well as to design and install reasonable safeguards.

86.    At all times material hereto, RCCL participated in the design process of the subject vessel by generating design specifications for the shipbuilder to follow, and to put the vessel on which KELLER was injured into the channels of trade, and/or RCCL approved of the subject vessel's design, including the design of the subject area and the vicinity.

87.    At all times material hereto, RCCL manufactured, designed, installed, and/or approved of the *Allure of the Seas*, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular a duty to KELLER, to design, install and/or approve of the subject area and the vicinity without any defects.

88.    At all times material hereto, RCCL through its agents and/or employees who were acting in the course and scope of their employment and/or agency with RCCL, designed, installed, and/or approved of the subject area and the vicinity involved in KELLER'S incident, which was also in violation of the applicable industry standards/recommendations and/or other guidelines.

89.    RCCL provides design elements of the vessels to the ship builder and/or approves of design elements which include the subject area and the vicinity.

90.    RCCL maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessels, including the *Allure of the Seas*, during the new build process.

91.    RCCL has the right to enter the ship and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

92.    RCCL has the right to inspect and reject design elements before taking possession of the ship.

93.    However, RCCL permitted the dangerous conditions discussed in paragraph 17(b-f, h) of the instant complaint to be present in the subject area and the vicinity without correcting these design deficiencies and did not design and install reasonable safeguards.

94.    The design flaws that made the subject area and the vicinity involved in KELLER'S incident unreasonably dangerous were the direct and proximate cause of KELLER'S injuries.

95.    RCCL is liable for the design flaws of the vessel, including of the subject area and the vicinity involved in KELLER'S incident, which it knew or should have known of.

96.    RCCL failed to correct and/or remedy the defective conditions, despite the fact that RCCL knew or should have known of the danger(s).

97.    RCCL'S breach was the cause in-fact of KELLER'S great bodily harm in that, but for RCCL'S breach her injuries would not have occurred.

98.    Furthermore, the subject area and the vicinity were also on a cruise ship in the open sea subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

99.   RCCL'S breach proximately caused KELLER great bodily harm in that the incident that occurred was a foreseeable result of RCCL'S breach.

100.   As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

101.   The losses are permanent and/or continuing in nature.

102.   KELLER has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT VI**
**NEGLIGENCE FOR THE ACTS OF RCCL'S CREW, STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY**

103.   KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

104.   RCCL owed a duty to exercise reasonable care under the circumstances for the safety

of its passengers.

105. The crewmembers who were working in and/or who were and/or should have been responsible for inspecting, maintaining, cleaning, and/or securing the subject area, including specifically the crewmembers who were in the subject area at the time of KELLER'S incident, were agents of RCCL for the following reasons:

    a.    They were the staff and/or employees of RCCL, or were RCCL'S agents, apparent agents, and/or servants; and/or

    b.    These staff, employees, and/or agents were subject to the right of control by RCCL; and/or

    c.    These staff, employees, and/or agents were acting within the scope of their employment or agency; and/or

    d.    RCCL acknowledged that these staff, employees, and/or agents would act on RCCL'S behalf, and they accepted the undertaking.

106. RCCL is vicariously liable for the acts of its staff, employees, and/or agents, as discussed in paragraph 17(g) of the instant complaint.

107. RCCL'S breach was the cause in-fact of KELLER'S great bodily harm in that, but for RCCL'S breach her injuries would not have occurred.

108. Furthermore, the subject area and the vicinity were also on a cruise ship in the open sea subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

109. This negligence proximately caused KELLER great bodily harm in that, but for this negligence, KELLER'S injuries would not have occurred.

110. As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

111. The losses are permanent and/or continuing in nature.

112. KELLER has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT VII**
**VICARIOUS LIABILITY AGAINST RCCL FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

113. KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

114. RCCL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

115.  Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

116.  At all times material, the ship's medical staff (including its physicians and nurses), and the ship's crew, were full-time employees and agents of RCCL, subject to its direction and control, who were engaged in the activity of discharging RCCL'S obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

117.  RCCL is estopped to deny that the ship's medical staff (including its physicians and nurses), and the ship's crew, were its agents and/or employees and/or servants.

118.  RCCL directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

119.  RCCL created, owned, directly provided, and operated, the medical center to be used by the ship's medical personnel and passengers.

120.  RCCL pays to stock the medical center with all supplies, medical machinery, various medicines, and equipment to be used therein, regularly stocking and restocking same.

121.  RCCL collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

122.  RCCL'S marketing materials described the infirmary in proprietary language.

123.  The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's physicians) were members of the ship's officer's compliment, and at all times they were subject to termination, or other discipline, by RCCL.

124. RCCL provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

125. At all times material hereto, RCCL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, was careless, negligent, and breached its duties as follows:

    a.  Failing to promptly provide KELLER with proper medical and/or first aid care and attention;

    b.  Failing to timely and properly diagnose and/or assess KELLER'S condition;

    c.  Failing to timely and properly attend to KELLER, to her injuries, and to her pain;

    d.  Failing to provide reasonable medical and/or first aid care;

    e.  Failing to timely and properly treat and care for KELLER;

    f.  Failing to timely and properly examine KELLER'S injuries;

    g.  Failing to take proper measures to secure proper treatment for KELLER, including unreasonably delaying taking measures to secure such proper treatment;

    h.  Failing to properly bring and/or arrange for KELLER to be brought to an emergency room within a reasonable amount of time; and/or

    i.  Failing to give KELLER proper discharge instructions; and/or

    j.  Harming KELLER by improperly twisting her arm; and/or

    k.  Unreasonably tightening KELLER'S wrappings for her injuries to an unreasonably degree of tightness; and/or

    l.  Failing to give KELLER adequate pain medicine.

126.  Pain is a frequently experienced, yet oftentimes overlooked factor in wound care and wound healing. It is undeniable that pain affects wound care practice, and unresolved pain negatively impacts both wound healing and a patient's quality of life.

127.  Under the doctrine of Respondeat Superior, employers are vicariously liable for the negligent acts or omissions by their employees and/or other agents within the course of their employment and/or agency.

128.  RCCL is therefore vicariously liable for all injuries and damages sustained by KELLER as a result of the negligence of the ship's medical staff (including its physicians and nurses), and the ship's crew.

129.  At all times material hereto, the aforementioned acts and/or omissions on the part of RCCL'S ship's medical staff (including its physicians and nurses), and the ship's crew, fell below the standard of care.

130.  The negligence of RCCL'S ship's medical staff (including its physicians and nurses), and the ship's crew, proximately caused KELLER great bodily harm in that, but for RCCL negligence, KELLER'S injuries would not have occurred and/or said injuries would have been substantially lessened.

131.  RCCL, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated and/or did not meet reasonable standards of medical care.

132.  As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of

KELLER'S vacation, cruise, and transportation costs.

133. The losses are permanent and/or continuing in nature.

134. KELLER has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT VIII**
**<u>APPARENT AGENCY</u>**
**<u>FOR THE ACTS OF THE SHIP'S MEDICAL STAFF</u>**

135. KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

136. At all times material hereto, the ship's medical staff represented to KELLER and to the ship's passengers as employees and/or agents and/or servants of RCCL, in that:

a. The medical staff wore a ship's uniform;

b. The medical staff ate with the ship's crew;

c. The medical staff was under the commands of the ship's officers;

d. The medical staff worked in the ship's medical department;

e. The medical staff was paid a salary by RCCL;

f.  The medical  staff worked aboard the vessel;

g.  The medical staff spoke to KELLER as though they had authority to do so by RCCL.

137.  In addition, RCCL further represented to KELLER that the vessel's medical staff were agents and/or employees of RCCL through its marketing materials and through other official statements that described the infirmary in proprietary language, including language such as the "RCCL *Allure of the Seas*' Medical Center/our infirmary/our medical center," and through encouraging KELLER to make use of "its" infirmary/medical center if KELLER was in need of medical attention.

138.  Furthermore, at no time did RCCL represent to KELLER in particular, or the ship's passengers in general, in a meaningful way that the vessel's medical staff were not agents or employees of RCCL.

139.  At all material times, KELLER reasonably relied on the representations to KELLER'S detriment that the medical staff were employees, and/or agents, and/or servants of RCCL.

140.  It was reasonable to believe that the medical staff were RCCL'S agents because they wore a ship's uniform. In addition, at all times material, the medical staff spoke and acted as though they were authorized to do so by RCCL.

141.  This reasonable reliance was detrimental because it delayed KELLER from receiving proper medical treatment and/or KELLER would not have gone on the subject cruise with RCCL had KELLER known that the medical staff on the ship were not RCCL'S agents.

142.  RCCL is estopped to deny that the medical staff were its apparent agents, and/or apparent employees, and/or apparent servants.

143.  RCCL had a duty to provide KELLER with reasonable care under the circumstances and through the acts of its apparent agents breached its duty to provide KELLER with reasonable

care under the circumstances.

144. KELLER'S injuries were aggravated due to the fault and/or negligence of RCCL through the acts of its apparent agents as follows:

    a.  Failing to promptly provide KELLER with proper medical and/or first aid care and attention;

    b.  Failing to timely and properly diagnose and/or assess KELLER'S condition;

    c.  Failing to timely and properly attend to KELLER, to her injuries, and to her pain;

    d.  Failing to provide reasonable medical and/or first aid care;

    e.  Failing to timely and properly treat and care for KELLER;

    f.  Failing to timely and properly examine KELLER'S injuries;

    g.  Failing to take proper measures to secure proper treatment for KELLER, including unreasonably delaying taking measures to secure such proper treatment;

    h.  Failing to properly bring and/or arrange for KELLER to be brought to an emergency room within a reasonable amount of time; and/or

    i.  Failing to give KELLER proper discharge instructions; and/or

    j.  Harming KELLER by improperly twisting her arm; and/or

    k.  Unreasonably tightening KELLER'S wrappings for her injuries to an unreasonably degree of tightness; and/or

    l.  Failing to give KELLER adequate pain medicine.

145. Pain is a frequently experienced, yet oftentimes overlooked factor in wound care and wound healing. It is undeniable that pain affects wound care practice, and unresolved pain

negatively impacts both wound healing and a patient's quality of life.

146. As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

147. The losses are either permanent or continuing in nature.

148. KELLER has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT IX**
**ASSUMPTION OF DUTY FOR THE**
**NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

149. KELLER hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

150. RCCL owed KELLER the duty to exercise reasonable care under the circumstances for the safety of its passengers.

151.  Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

152.  RCCL elected to discharge this duty by having KELLER seen by its own ship's physicians and/or other crew members.

153.  As such, RCCL voluntarily assumed a duty for the benefit of KELLER to use reasonable care in the provision of medical services to KELLER.

154.  At all times material hereto, RCCL was careless, negligent, and breached its duties due to the fault and/or negligence of RCCL through the acts of its apparent agents by:

  a.  Failing to promptly provide KELLER with proper medical and/or first aid care and attention;

  b.  Failing to timely and properly diagnose and/or assess KELLER'S condition;

  c.  Failing to timely and properly attend to KELLER, to her injuries, and to her pain;

  d.  Failing to provide reasonable medical and/or first aid care;

  e.  Failing to timely and properly treat and care for KELLER;

  f.  Failing to timely and properly examine KELLER'S injuries;

  g.  Failing to take proper measures to secure proper treatment for KELLER, including unreasonably delaying taking measures to secure such proper treatment;

  h.  Failing to properly bring and/or arrange for KELLER to be brought to an emergency room within a reasonable amount of time; and/or

  i.  Failing to give KELLER proper discharge instructions; and/or

  j.  Harming KELLER by improperly twisting her arm; and/or

k.  Unreasonably tightening KELLER'S wrappings for her injuries to an unreasonably degree of tightness; and/or

l.  Failing to give KELLER adequate pain medicine.

155.  At all times material hereto, the aforementioned acts or omissions on the part of RCCL fell below the standard of care.

156.  RCCL'S negligence proximately caused KELLER great bodily harm in that, but for RCCL'S negligence, KELLER'S injuries would not have occurred, would have been substantially lessened, and/or would not have been aggravated.

157.  RCCL, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

158.  As a result of RCCL'S negligence, KELLER has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and lost earning capacity, and loss of the value of KELLER'S vacation, cruise, and transportation costs.

159.  The losses are permanent and/or continuing in nature.

160.  KELLER has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, RHONDA KELLER, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES, LTD., for damages suffered and costs incurred, as well as for damages and costs that KELLER will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical

care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of KELLER'S vacation, cruise, lost transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, RHONDA KELLER, demands trial by jury on all issues so triable.

**Dated:** July 22, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Riana S. Maryanoff, Esq.**
Florida Bar No.: 1024768
rmaryanoff@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for Plaintiff***